### COOPER v. HIGH GROUND DAIRY CO.

(Supreme Court, Appellate Term, Second Department.   October 25, 1912.)

MASTER AND SERVANT (§ 73*)—CONTRACT OF EMPLOYMENT—SECURITY—RIGHT OF SERVANT TO RECOVER—BREACH ON HIS PART.

   Where a contract of employment as deliveryman provided that the employé would "faithfully account for all money collected by him as such driver," such employé could not recover money deposited as security, where he had committed a breach of the contract by failing, after demand, to account for a sum nearly equal to the amount of his security, collected by him as driver.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Clarence Cooper against the High Ground Dairy Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before ASPINALL, PUTNAM, and CRANE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Emil A. Williams, of Brooklyn, for appellant.
David F. Price, of Brooklyn, for respondent.

ASPINALL, J.   This action was brought by the plaintiff to recover the sum of $150, deposited by him with the defendant herein as security under a contract of employment dated the 16th day of February, 1911.   By this contract the plaintiff was to drive one of the defendant's delivery wagons, and agreed as follows:

"That he will faithfully account, according to instructions, for all moneys collected by him as such driver, and faithfully and honestly perform all his other duties."

The plaintiff was the only witness sworn on the trial, and at the close of his testimony the defendant moved to dismiss the complaint, upon the ground that he had failed to make out a cause of action against the defendant, which motion was denied, whereupon the defendant rested, without offering any evidence, and the court granted judgment for the plaintiff for the full amount, with interest and costs.

This judgment should be reversed, as it affirmatively appears by the plaintiff's own evidence that he had failed to account for $139.29, after demand, which was of itself a breach of the contract that he would faithfully account for any moneys collected by him as driver. Whitson v. Sheffield Farms Co., 76 Misc. Rep. 180, 136 N. Y. Supp. 560.

Judgment reversed, and a new trial ordered; costs to abide the event.

PUTNAM and CRANE, JJ., concur.